André E. Jardini (State Bar No. 71335)
aej@kpclegal.com
K.L. Myles (State Bar No. 243272)
klm@kpclegal.com
KNAPP, PETERSEN & CLARKE
550 North Brand Boulevard, Suite 1500
Glendale, California 91203-1922
Telephone: (818) 547-5000
Facsimile: (818) 547-5329

Attorneys for Plaintiffs
MICHELLE McCOMAS and MARC LACSON,
individuals, on behalf of themselves and all others
similarly situated

FILED
2010 JAN 22 PM 12: 23
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE McCOMAS and MARC LACSON, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BEST BUY CO., INC., BEST BUY STORES, L.P.<br><br>Defendants. | NO.   CV09-06869 SJO (FFMx)<br><br>Ctrm:   1<br><br>Judge:   The Hon. S. James Otero<br><br>FIRST AMENDED COMPLAINT FOR COMPENSATORY AND EXEMPLARY DAMAGES<br><br>(1) NONPAYMENT OF WAGES<br>(2) UNFAIR BUSINESS PRACTICES<br><br>CLASS ACTION<br>[Code Civ. Proc., § 382] |

Plaintiffs, Michelle McComas and Marc Lacson, individuals ("plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiff Class") allege as follows:

**PARTIES**

1.   Plaintiff Michelle McComas is a citizen of the State of California and resides in the County of Los Angeles.

////

2. Plaintiff Marc Lacson is a citizen of the State of California and resides in the County of Los Angeles.

3. Previously named in the complaint filed in Los Angeles Superior Court as "Doe 1," defendant Best Buy Stores, L.P. ("BBS") is a Fortune 100 company and the largest specialty retailer of consumer products in the United States. At all times relevant hereto, BBS did significant business in the State of California and has substantial continuous contacts with the State of California. At all times relevant herein, BBS employed each plaintiff in the State of California, County of Los Angeles.

4. Defendant Best Buy Co., Inc. ("BBCI") is the parent company of Defendant BBS. At all times relevant hereto, BBCI did significant business in the State of California and has substantial continuous contacts with the State of California. At all times relevant herein, BBCI employed each plaintiff in the State of California, County of Los Angeles.

5. Plaintiffs are informed and believe and on that basis allege that at all times relevant herein each of the defendants was acting as the agent, employee and/or joint venturer of the remaining defendants and in so doing the things herein described, was acting within the scope of such agency, employment and/or joint venture except where designated otherwise.

## CLASS ALLEGATIONS

6. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action under California state law procedure utilizing section 338, Code of Civil Procedure and Rule 23, Federal Rules of Civil Procedure.

7. Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action under Code of Civil Procedure section 382, and Rule 23 Code of Civil Procedure. The class which plaintiffs seek to represent is composed of and defined as follows: All California employees of defendants paid on an hourly basis as nonexempt employees for the period four years prior to the filing

KNAPP,
PETERSEN
& CLARKE

-2-

1  of this complaint to the present. A subclass would include all California employees
2  who were not timely tendered their wages upon termination of employment for the
3  period four years prior to the filing of this complaint to the present.
4       8.     This action has been brought and may properly be maintained as a class
5  action, under the provisions of Code of Civil Procedure section 382, because there is
6  a well-defined community of interest in the litigation and the proposed class is easily
7  ascertainable.
8       9.     **Numerosity**: The Plaintiff Class is so numerous that the individual
9  joinder of all members is impracticable under the circumstances of this case. While
10 the exact number of class members is presently unknown to plaintiffs, plaintiffs are
11 informed and believe that during the time period concerned herein, defendants, as a
12 matter of corporate practice, engaged in violations of law concerning their practices
13 in the payment of employees and that said wage and hour violations occurred
14 universally throughout the offices of defendants in California over at least the last
15 four years. Defendants operate nationwide and in Canada. Defendants operate more
16 than 1,400 stores nationwide. No state or foreign country has more stores than
17 California. The number of California employees who are included in the Plaintiff
18 Class number in the thousands.
19      10.    **Common Questions Predominate**: Common questions of law and
20 fact exist as to all members of the Plaintiff Class and predominate over any questions
21 which affect only individual members of the class. These common questions of law
22 and fact include, without limitation:
23       a.    Whether defendants violated wage and hour laws, in adopting a
24 practice to conduct mandatory weekly store meetings, and fail to pay reporting time
25 pay at half the usual day's work to nonexempt employees at the service of
26 defendants;
27       b.    Whether defendants established policies statewide in California to
28 require employees to attend mandatory store meetings and then scheduling

KNAPP, PETERSEN & CLARKE

-3-

1 interruptions of non-paid, non-working periods without the benefit of receiving a
2 "split-shift" premium.

        c.    Whether defendants established the practice of willfully failing to timely pay employees unpaid earned wages at time of discharge.

        d.    The amount of penalties owed by defendants for willful failure to pay wages.

        e.    The appropriate nature of class-wide equitable relief in the form of an injunction to prevent such wage and hour violations in the future.

11.  **Typicality**: Plaintiffs' claims are typical of the claims of the members of the Plaintiff Class. Plaintiffs and all members of the Plaintiff Class sustained damages arising out of defendants' adoption of policies and a common course of conduct in violation of law as complained of herein. The damages of each member of the Plaintiff Class were caused directly by the defendants' wrongful conduct in violation of the wage and hour laws alleged herein.

12.  **Adequacy**: Plaintiffs will fairly and adequately protect the interests of the members of the Plaintiff Class. Plaintiffs reside in California and are, or have been, nonexempt employees of defendants as to whom defendants failed to pay wages earned. Plaintiffs have retained counsel who has substantial experience in the prosecution of wage and hour cases and in the prosecution of complex class action litigation.

13.  **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the class is impracticable. Class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of the class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for

KNAPP,
PETERSEN
& CLARKE

individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

14. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class proceeding.

## INTRODUCTION

15. This action arises out of the prevalent practices engaged in by defendants in willfully failing to pay reporting time wages and failing to pay split-shift premiums to nonexempt employees.

16. Defendants have engaged in at least the following violations with regard to their employees in the State of California:

    a. Establishing as a policy and enforcing on employees mandatory store meetings for nonexempt employees which they must attend, and then failing to pay reporting time pay at half the usual day's work, in violation of state law.

    b. The establishment of scheduling interruptions of nonpaid, nonworking periods without the benefit of receiving a split-shift premium, in violation of state law.

    c. The establishment of goals on a store-by-store basis that encourages management to take corrective action up to termination for failing to attend store meetings and then failing to pay reporting time wages and or split-shift premiums, in violation of state law.

    d. The establishment of a policy and practice of willfully failing to timely pay employees unpaid earned wages at time of discharge, in violation of state law.

////

KNAPP,
PETERSEN
& CLARKE

-5-

e. Failure to pay for all hours worked by employees, as defined in the appropriate IWC Wage Order.

17. The conduct of defendants, which has been abetted and encouraged throughout defendants' stores in the State of California for many years, has resulted in unwarranted profits to defendants at the expense of their employees.

18. Damages are warranted to repay employees for this egregious and illegal conduct.

19. Injunctive relief is necessary to prevent such conduct in the future.

20. Based upon research, a full investigation of the facts and present knowledge, the maximum value of plaintiffs claims in the instant action, as a class action, inclusive of penalties, restitutionary amounts, exemplary damages, interest, compensatory damages, taxes, fees and costs, or any other amount recoverable in this case is less than $5,000,000. Plaintiffs, on behalf of the class, agree that the amount sought in this complaint is less than $5,000,000. Plaintiffs, on behalf of the class, agree that the class will not accept any amount in excess of $5,000,000.

## FIRST CAUSE OF ACTION

**(For Nonpayment of Wages, Violation of Labor Code Sections 204, 210, Against All Defendants)**

21. Plaintiffs allege and incorporate herein by reference the allegations of Paragraphs 1 through 20, inclusive.

22. At all times relevant herein Labor Code section 204 required the payment of all wages earned by the members of the Plaintiff Class.

23. Defendants failed to pay wages earned to members of the Plaintiff Class pursuant to the policies as herein alleged.

24. Defendants' failure to pay the regular wages of Plaintiff Class members, violates the provisions of Labor Code sections 201 and 1198, and is therefore unlawful.

////

-6-

KNAPP, PETERSEN & CLARKE

25. Defendants violated the applicable Industrial Welfare Commission order in failing to pay wages for reporting time by employees and by failing to pay the required split-shift premium.

26. Defendants' failure to timely pay employees unpaid earned wages at time of discharge violates the provisions of Labor Code sections 201, 202 and 203.

27. Civil penalties should be awarded pursuant to Labor Code section 558.

28. Pursuant to Labor Code section 1194(a) plaintiffs request that the court award reasonable attorneys' fees and costs incurred in this action.

29. Pursuant to Labor Code sections 218.6 and 1194(a), plaintiffs request that the court award interest on all due and unpaid wages, at the legal rates specified by Civil Code section 3289(b) accruing from the date the wages were due and payable.

30. In doing the acts herein described, defendants acted consciously to deprive their employees of compensation which had been earned. These acts were committed with malice, oppression and fraud, and punitive damages are warranted pursuant to Civil Code section 3294.

## SECOND CAUSE OF ACTION

### (Unfair Business Practices Against All Defendants)

31. Plaintiffs allege and incorporate herein by reference the allegations of paragraphs 1 through 20, inclusive.

32. Plaintiffs bring this action both in their individual capacities and on behalf on all nonexempt employees of defendants as to whom defendants failed to pay wages over the last four years.

33. Defendants' establishment of policy and encouragement of its managers to fail to pay wages is immoral, unethical, oppressive, unscrupulous, substantially injurious to plaintiffs and the Plaintiff Class and has been implemented through the use of economic force. It is an unfair business practice under Business & Professions Code section 17200 et. seq, for defendants to consciously, deliberately and in bad

-7-

1 faith underpay its employees by adopting these practices.

2   34.   Specifically, defendants, by their continuing course of conduct of failing and refusing to pay wages earned by its employees, have engaged, and continues to engage in, conduct which was, and is, "unlawful, unfair and fraudulent," within the meaning of Business & Professions Code section 17200 et seq.

6   35.   Defendants, accordingly, should be ordered to restore to plaintiffs and the Plaintiff Class those amounts which defendants have wrongfully retained, in violation of wage and hour law and in violation of its duty to refrain from "unlawful, unfair and fraudulent" conduct, as proscribed by Business & Professions Code 17200 et seq.

11   36.   As a direct and proximate result of these violations, defendants have obtained the services of the plaintiffs and the Plaintiff Class and have not paid for those services, all to the profit of defendants and the detriment of plaintiffs and the Plaintiff Class. The profit so obtained should be disgorged from defendants as ill-gotten gains.

16   37.   The acts as herein alleged are continuing. Unless enjoined, defendants will continue to reap the benefits of the services of its nonexempt employees while failing to pay for those services. Injunctive relief is warranted.

19   WHEREFORE, plaintiffs pray for relief as follows:

20   1.   For a temporary restraining order, preliminary injunction and permanent injunction restraining defendants and their agents and employees from continuing to violate California wage and hour laws.

23   2.   For a temporary restraining order, preliminary injunction and permanent injunction prohibiting defendants and their agents and employees from continuing to withhold from plaintiffs and the members of the Plaintiff Class the wages and hours due for services rendered which have been unpaid in violation of California wage and hour laws.

28   ////

KNAPP, PETERSEN & CLARKE

-8-

3. For a temporary restraining order, preliminary injunction and permanent injunction mandating that defendants and their agents and employees pay to plaintiffs and the members of the Plaintiff Class those sums due and owing to them which defendants have not paid for services rendered as wages, in violation of California wage and hour laws.

4. For a temporary restraining order, preliminary injunction and permanent injunction restraining defendants and their agents and employees from continuing to commit unlawful, unfair and fraudulent practices in violation of Business & Professions Code 17200 et seq., including from continuing to commit violations of California wage and hour laws by use of economic force against plaintiffs and the members of the Plaintiff Class.

5. For a temporary restraining order, preliminary injunction and permanent injunction preventing defendants from destroying employee time records during the pendency of this lawsuit.

6. For restitution to plaintiffs and the members of the Plaintiff Class of those wages which defendants have wrongfully refused to pay, in violation of wage and hour laws.

7. For compensatory damages in an amount less than $5,000,000 and according to proof to plaintiffs and the members of the Plaintiff Class.

8. For penalties as authorized by law.

9. For an award of exemplary damages for the purpose of punishing defendants and deterring their unlawful conduct in the future.

10. For interest on all sums awarded.

11. For reasonable attorneys' fees incurred.

////
////
////
////

KNAPP,
PETERSEN
& CLARKE

12. For costs of suit.

13. For such other and further relief as the court finds proper.

Dated: January 22, 2010

KNAPP, PETERSEN & CLARKE

By: _____
André E. Jardini
K.L. Myles
Attorneys for Plaintiffs
MICHELLE McCOMAS and
MARC LACSON, individuals, on
behalf of themselves and all others
similarly situated

KNAPP,
PETERSEN
& CLARKE

-10-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 North Brand Boulevard, Suite 1500, Glendale, California 91203-1922. On January 22, 2010, I caused the foregoing document(s) described as AMENDED COMPLAINT FOR COMPENSATORY AND EXEMPLARY DAMAGES to be served on the interested parties in this action as follows:

    by placing a true copy thereof enclosed in sealed envelope(s) addressed as stated on the attached mailing list.

[X] **BY MAIL:** I sealed and placed such envelope for collection and mailing to be deposited in the mail on the same day in the ordinary course of business at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2010, at Glendale, California.

_____Mindy Menahen_____   _____/s/ Mindy Menahen_____
(Type or print name)                                  (Signature)

**SERVICE LIST**

| | |
|---|---|
| Rebecca Eisen, Esq.<br>Ann Marie Reding, Esq.<br>Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>TEL: (415) 442-1000<br>FAX: (415) 442-1001 | Attorneys for Defendant Best Buy Stores, L.P., erroneously sued as BEST BUY CO., INC. |
| George A. Stohner, Esq.<br>Morgan, Lewis & Bockius<br>330 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, CA 90071-3132<br>TEL: (213) 612-2500<br>FAX: (213) 612-2501 | Attorneys for Defendant Best Buy Stores, L.P., erroneously sued as BEST BUY CO., INC. |
| Jennifer White-Sperling, Esq.<br>Morgan, Lewis & Bockius LLP<br>5 Park Plaza<br>Suite 1750<br>Irvine, CA 92614<br>TEL: (949) 399-7000<br>FAX: (949) 399-7001 | Attorneys for Defendant Best Buy Stores, L.P., erroneously sued as BEST BUY CO., INC. |